**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT                                                    TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                 FAX (605) 224-9020

December 1, 2006

A. Thomas Pokela, Esq.
Attorney for Plaintiff
Post Office Box 1102
Sioux Falls, South Dakota   57101

Clair R. Gerry, Esq.
Attorney for Debtor-Defendant
Post Office Box 966
Sioux Falls, South Dakota   57101-0966

    Subject:   ***Donna Jones v. Richard M. Jones***
                   ***(In re Richard M. Jones and Christine A. Jones)***,
                  Adversary No. 05-4067
                  Chapter 7; Bankr. No. 05-40627

Dear Counsel:

    The matter before the Court is Plaintiff Donna Jones' Complaint to Determine Dischargeability of Debt. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, judgment will be entered for Plaintiff.

    **Discussion**. At the final pre-trial conference in this matter, Debtor-Defendant's attorney conceded Debtor-Defendant's obligations to Plaintiff under their divorce decree were nondischargeable under 11 U.S.C. § 523(a)(15). However, he asked the Court to rule on the question of whether Debtor-Defendant may set off an alleged claim against Plaintiff against Plaintiff's nondischargeable claim against Debtor-Defendant.[1]

---

    [1] Debtor-Defendant's alleged claim against Plaintiff relates to an alienation of affection lawsuit removed to federal district court in June 2000 (*Richard M. Jones v. Todd V. Swanson*, CIV 00-4112). The district court entered judgment in Debtor-Defendant's favor in November 2003, based in large part upon Plaintiff's testimony. Plaintiff recently recanted her testimony, and the defendant in that lawsuit has asked the district court to vacate the judgment against him. If the district court does so, Debtor-Defendant believes he will have a claim against Plaintiff for the attorney fees and expenses he incurred in pursuing the lawsuit.

Re: *Jones v. Jones*
December 1, 2006
Page 2

Debtor-Defendant may not. The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of this section is very broad and includes property of all descriptions, tangible and intangible, *as well as causes of action*." *Whetzal v. Alderson* (*In re Alderson*), 32 F.3d 1302, 1303 (8th Cir. 1994) (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2nd 515 (1983) (emphasis added). Moreover, "a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee." *Vreugdenhil v. Hoekstra* (*In re Vreugdenhil*), 773 F.2d 213, 215 (8th Cir. 1985).

Inasmuch as the parties have stipulated Debtor-Defendant's alleged claim against Plaintiff arose pre-petition, that claim belongs to the bankruptcy estate, not Debtor-Defendant. Thus, Debtor-Defendant has no claim to set off against Plaintiff's nondischargeable claim.

The Court will enter an appropriate order and judgment.[2]

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sn

cc: adversary file (docket original in adversary; serve copies on counsel)

---

[2] During the final pre-trial conference, counsel for both parties indicated Plaintiff's nondischargeable claim was for $20,000. However, nothing in the record indicates whether that was anything more than an estimate. The order and judgment will therefore determine only the nondischargeability of Debtor-Defendant's obligations to Plaintiff under their divorce decree. The specific amount of Plaintiff's nondischargeable claim can be determined if and when Plaintiff files a proof of claim and the trustee or some other party in interest objects thereto.